THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ACTIVE ENERGY GROUP, PLC,<br><br>Plaintiff,<br><br>v.<br><br>PHIL SCALZO and DANIEL MCCARTHY,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART [44] PLAINTIFF'S MOTION TO DISMISS, DENYING [49] DEFENDANT MCCARTHY'S MOTION FOR LEAVE TO FILE COUNTERCLAIM FOR DECLARATORY RELIEF**<br><br>Case No. 2:23-cv-00141-DBB-JCB<br><br>District Judge David Barlow |

Before the court are two motions. The first is Plaintiff Active Energy Group, PLC's ("AEG") Motion to Dismiss, filed pursuant to Rule 41(a)(2).[1] The second is Defendant Daniel McCarthy's Motion for Leave to File Counterclaim for Declaratory Relief.[2] For the following reasons, the court grants in part AEG's motion.

## BACKGROUND

On February 28, 2023, AEG filed this case against Defendants Philip Scalzo and Daniel McCarthy, alleging copyright infringement, trademark infringement, unfair competition, and conversion under federal and state law.[3] On May 9, 2023, Mr. McCarthy moved to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim.[4] Specifically, Mr.

---

[1] Pl.'s Mot. to Dismiss Without Prejudice ("Pl.'s Mot."), ECF No. 44.
[2] Def.'s Mot. for Leave to File Counterclaim for Declaratory Relief ("Def.'s Mot."), ECF No. 49.
[3] *See* Compl. ¶¶ 7, 49–104, ECF No. 2.
[4] *See* Def. Daniel McCarthy's Mot. to Dismiss Pursuant to Rule 12(b)(2), [12(b)(3),] and 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 18.

1

McCarthy argued that the Complaint does not contain any factual allegations that would state a claim against him.[5] AEG subsequently moved to amend its Complaint.[6] The court denied Mr. McCarthy's Motion to Dismiss without prejudice, and granted AEG leave to amend.[7] AEG then filed its First Amended Complaint,[8] and Mr. McCarthy filed his Answer.[9] Mr. Scalzo never entered an appearance in this case, and has not filed any pleadings or motions.

Now, AEG seeks to voluntarily dismiss its case without prejudice.[10] Mr. McCarthy responded, arguing that the dismissal should be with prejudice and that he is entitled to attorney's fees.[11] AEG then filed a reply.[12] Subsequently, Mr. McCarthy moved for leave to file a counterclaim, which AEG opposes.[13]

**STANDARD**

Federal Rule of Civil Procedure 41(a) provides two routes for voluntary dismissal. The first route permits a plaintiff to dismiss its own claims by filing either "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared."[14] However, if the first route is inapplicable, "an action may be dismissed at the plaintiff's request only by court order, on terms

---

[5] *See id.* at 8–11.
[6] *See* Pl.'s Mot. to Amend Compl., ECF No. 25.
[7] *See* ECF Nos. 29, 31.
[8] First Am. Compl., ECF No. 32.
[9] Answer, ECF No. 35.
[10] *See* Pl.'s Mot.
[11] *See* Def. Daniel McCarthy's Opp'n/Resp. to Pl.'s Mot. to Dismiss without Prejudice ("Def.'s Opp'n"), ECF No. 45.
[12] *See* AEG's Reply to its Mot. to Dismiss Without Prejudice ("Pl.'s Reply"), ECF No. 46.
[13] *See* Def.'s Mot. for Leave to File Counterclaim for Declaratory Relief ("Def.'s Mot. for Leave to File Counterclaim"), ECF No. 49; Pl.'s Opp'n to Mot. for Leave to File Counterclaim for Declaratory Relief, ECF No. 51.
[14] Fed. R. Civ. P. 41(a)(1).

that the court considers proper."[15] Further, "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."[16]

The Tenth Circuit has instructed that "[a]bsent 'legal prejudice' to the defendant, the district court normally should grant" a voluntary dismissal under Rule 41(a)(2).[17] Thus, district courts must consider the following, non-exclusive, factors when evaluating a voluntary dismissal: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation."[18] The text of the rule permits "the imposition of curative conditions," which are reserved to the discretion of the district court.[19]

## DISCUSSION

The issues in this case are as follows: (A) whether dismissal of AEG's action is proper under Rule 41; (B) if so, whether it should dismiss the case with or without prejudice and whether the court should also grant Mr. McCarthy attorney's fees; and (C) whether the court should grant Mr. McCarthy leave to file a counterclaim. The court addresses each in turn.

### A. Dismissal under Rule 41

As noted above, there are two routes to voluntary dismissal. Under the first, "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the

---

[15] Fed. R. Civ. P. 41(a)(2).
[16] *Id.*
[17] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).
[18] *Id.*
[19] *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005).

3

opposing party serves either an answer or a motion for summary judgment."[20] If those conditions are inapplicable, then the action may be dismissed only upon a court order.[21]

In this case, Mr. Scalzo has not served an answer or a motion for summary judgment. Therefore, the court will treat AEG's motion as a notice of dismissal as to Mr. Scalzo; no court order is needed to dismiss the action as to him.

However, Mr. McCarthy has served an answer in this case.[22] Accordingly, the only route to voluntary dismissal is through Rule 41(a)(2). The Tenth Circuit has held that ordinarily the court should grant dismissal under Rule 41(a)(2) when it is sought.[23] And in his opposition, Mr. McCarthy does not argue that the court should not grant the voluntary dismissal.[24] Rather, he argues that the court should impose conditions on the dismissal, such as that it be with prejudice and that the court should grant him attorney's fees.[25] That Mr. McCarthy seeks leave to file a counterclaim[26] does not change the equation, given that such counterclaim would be filed *after* AEG's Rule 41(a)(2) Motion.[27]

Turning then to the factors it must consider—"the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation"[28]—the court finds that dismissal is proper. As the case has not moved beyond the pleading stage, there has been no trial

---

[20] Fed. R. Civ. P. 41(a)(1) (emphasis added).
[21] Fed. R. Civ. P. 41(a)(2).
[22] *See* Answer.
[23] *See Ohlander*, 114 F.3d at 1537.
[24] *Cf.* Def.'s Opp'n.
[25] *See id.* 4–7.
[26] *See* Def.'s Mot. for Leave to File Counterclaim.
[27] *Cf.* Fed. R. Civ. P. 41(a)(2) ("If a defendant has pleaded a counterclaim *before* being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.").
[28] *See Ohlander*, 114 F.3d at 1537.

preparation. And while the record does not suggest that AEG has created any excessive delay, it does tend to suggest a lack of diligence on AEG's part. Mr. McCarthy stresses that AEG has failed to produce any evidence tying Mr. McCarthy to the misconduct alleged in the Amended Complaint.[29] AEG does not meaningfully address these contentions.[30] AEG has not argued or shown through evidence that it had a good faith basis for believing that Mr. McCarthy engaged in any wrongdoing. At best, it has shown that Mr. McCarthy had access to its copyrighted materials.[31] Of particular note is that AEG proffers that it would refile against Mr. McCarthy "[i]f it [were] determined from Defendant Scalzo that his colleague Defendant McCarthy *was indeed involved with the actions asserted in the First Amendment Complaint*[.]"[32] In other words, AEG's argument about its intent to refile suggests that it does not have evidence that Mr. McCarthy engaged in wrongdoing. Thus, at the least, the record tends to show that AEG did not act with sufficient due diligence when bringing its claims.[33] Additionally, AEG has not provided a sufficient explanation for dismissal in either its motion or its reply. Finally, the court observes that while the litigation was commenced over a year ago and that there has been some motion practice, little to no discovery has taken place.

Accordingly, the court finds that Mr. McCarthy will likely suffer *some* legal prejudice, tied to AEG's lack of diligence and failure to provide an explanation for seeking voluntary dismissal only now. But this does not convince the court that dismissal itself would be improper since curative conditions are available to remedy any prejudice to Mr. McCarthy. Indeed, as the

---

[29] *See* Def.'s Opp'n 3–4.
[30] *Cf.* Pl.'s Reply 3–5 (arguing only that it stated a prima facie case against Defendants).
[31] *See id.* at 4–5.
[32] *Id.* at 3 (emphasis added).
[33] The court stresses that it has made no finding on Mr. McCarthy's contentions that the suit was brought solely to harass him. *Cf.* Def.'s Opp'n 5, 6–7.

5

Tenth Circuit has observed, it would be awkward for the court to outright deny voluntary dismissal under these circumstances, as AEG "is no longer desirous of pursuing the litigation and may seek effective dismissal of [its] case through non-prosecution or poor litigation tactics."[34]

### B. Conditions of Dismissal

Having found that dismissal is proper under Rule 41(a)(2), the next question is what, if any, conditions the court should impose to cure any legal prejudice to Mr. McCarthy. "Typically, curative conditions include payment of a defendant's costs and fees, making discovery available in a subsequent proceeding, or refiling certain claims in another jurisdiction within a limited time."[35] "The district court, however, should impose only those conditions which actually will alleviate harm to the defendant."[36] Mr. McCarthy argues that the dismissal should be with prejudice and that the court should grant him attorney's fees because the action was brought in bad faith.[37] AEG argues that the dismissal should be without prejudice, costs, or fees.[38]

For starters, the court rejects Mr. McCarthy's argument that it should grant him attorney's fees *and* dismiss the case with prejudice.[39] The Tenth Circuit has cautioned that "a defendant may not recovery attorneys' fees when a plaintiff dismisses with prejudice absent exceptional circumstances."[40] The Tenth Circuit observed that one such exceptional circumstance would be "when a litigant makes a repeated practice of bringing claims and then

---

[34] *Cnty. of Santa Fe, N.M. v. Pub. Serv. Co. v. N.M.*, 311 F.3d 1031, 1049 (10th Cir. 2002).
[35] *Mitchell v. Roberts*, 43 F.4th 1074, 1088 (10th Cir. 2022).
[36] *Am. Nat'l Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1413 (10th Cir. 1991).
[37] Def.'s Opp'n 4–7.
[38] Pl.'s Reply 2, 6.
[39] *Cf.* Def.'s Opp'n 5–6.
[40] *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997).

6

dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system."[41] The present case does not rise to that level.

However, the court is persuaded that attorney's fees are an appropriate remedy for the prejudice that Mr. McCarthy has suffered. "When a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit to impose duplicative expenses upon him."[42] And although AEG has proffered that it "currently has no intention to refile this lawsuit against Defendant McCarthy," it also suggests that it would refile if it found evidence that Mr. McCarthy was involved in the alleged wrongdoing.[43] Thus, the court finds that attorney's fees are necessary to compensate Mr. McCarthy for the legal prejudice he will suffer if the case is dismissed and to address the potential risk that AEG will refile its suit against him and impose duplicative costs upon him.

Mr. McCarthy proffers that he has spent $25,000 defending this action.[44] However, without documentation to support this request, the court cannot decide the reasonableness of the fees. Therefore, additional briefing will be necessary on the amount of attorney's fees.

### C. Leave to File a Counterclaim

Following AEG's Motion to Dismiss under Rule 41(a)(2), Mr. McCarthy moved for leave to file a counterclaim for declaratory relief.[45] The text of Rule 41 is clear, however: "If a defendant has pleaded a counterclaim *before* being served with the plaintiff's motion to dismiss,

---

[41] *Id.*; accord *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006); *Vanguard Env't, Inc. v. Kerin*, 528 F.3d 756, 760 (10th Cir. 2008).
[42] *AeroTech*, 110 F.3d at 1528.
[43] Pl.'s Reply 3.
[44] Def.'s Opp'n 7.
[45] Def.'s Mot for Leave to File Counterclaim.

the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."[46] Mr. McCarthy did not seek leave to add a counterclaim before AEG moved to dismiss, so the rule does not apply. Mr. McCarthy's stated believe that it is "likely" that AEG will file another suit against him is insufficient on this record to justify extending this litigation here.

## ORDER

Accordingly, the court GRANTS IN PART AEG's motion to dismiss. AEG's action is dismissed without prejudice as to Mr. Scalzo pursuant to Rule 41(a)(1)(A)(i). AEG's action is dismissed without prejudice as to Mr. McCarthy pursuant to Rule 41(a)(2), with AEG to pay Mr. McCarthy reasonable attorney's fees. The court DENIES Mr. McCarthy's motion for leave to file a counterclaim as moot. The court will leave the case open until the attorney's fees issue is resolved.

Signed April 2, 2024.

BY THE COURT

_____
David Barlow
United States District Judge

---

[46] Fed. R. Civ. P. 41(a)(2) (emphasis added).