THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **ACTIVE ENERGY GROUP, PLC,**<br><br>Plaintiff,<br><br>v.<br><br>**PHIL SCALZO; and DANIEL MCCARTHY,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:23-cv-00141-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Daniel McCarthy's ("Mr. McCarthy") motion for attorney fees.[2] Plaintiff Active Energy Group, PLC ("AEG") did not file an objection to Mr. McCarthy's fee request. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, the court grants Mr. McCarthy's motion and awards Mr. McCarthy attorney fees in the amount of $31,180.00.

**BACKGROUND**

On February 28, 2023, AEG filed this action against Defendants Phil Scalzo ("Mr. Scalzo") and Mr. McCarthy, alleging copyright infringement, trademark infringement, unfair

---

[1] ECF No. 14.

[2] ECF No. 56.

competition, and conversion under federal and state law.[3] Mr. McCarthy moved to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim.[4] But because AEG moved to amend its complaint,[5] the court denied Mr. McCarthy's motion to dismiss without prejudice[6] and granted AEG leave to amend.[7] AEG filed an amended complaint,[8] and Mr. McCarthy filed his answer.[9] Mr. Scalzo never entered an appearance in this case and has not filed any pleadings or motions.

After all this, AEG filed a motion to dismiss its own action without prejudice under Fed. R. Civ. P. 41.[10] Mr. McCarthy agreed to dismissal but argued that dismissal should be with prejudice along with an award of attorney's fees.[11] Mr. McCarthy also filed a motion for leave to file a counterclaim,[12] which AEG opposed.[13] The court granted AEG's motion to dismiss in part by dismissing claims against both Mr. Scalzo and Mr. McCarthy without prejudice but ordering AEG to pay Mr. McCarthy's reasonable attorney's fees.[14]

---

[3] ECF No. 2.
[4] ECF No. 18.
[5] ECF No. 25.
[6] ECF No. 29.
[7] ECF No. 31.
[8] ECF No. 32.
[9] ECF No. 35.
[10] ECF No. 44.
[11] ECF No. 45.
[12] ECF No. 49.
[13] ECF No. 51.
[14] ECF No. 53.

In pursuit of attorney's fees, Mr. McCarthy's counsel, Randall B. Bateman ("Mr. Bateman"), filed a sworn declaration detailing his hourly rates and time logs for this case.[15] Mr. McCarthy requests $31,180.00 for 71.9 hours of work on this case, including 0.4 hours of work related to the instant motion for attorney fees.[16] For the reasons stated below, the court grants Mr. McCarthy's motion.

## ANALYSIS

### I. Attorney Fees

To determine the reasonableness of Mr. McCarthy's fee request, the court employs the "lodestar" method. Under this method, the court must calculate the lodestar, which is the reasonable number of hours spent on the case multiplied by a reasonable hourly rate.[17] "The party requesting attorney fees bears the burden of proving the amount of hours spent on the case and the appropriate hourly rates."[18] Accordingly, the court addresses Mr. McCarthy's claimed (A) hours and (B) hourly rates. After analyzing those two issues, the court (C) awards Mr. McCarthy attorney fees in the amount of $31,180.00.

#### A. Hours

To assess the reasonableness of Mr. McCarthy's claimed hours, the court considers: (1) whether the hours are supported by adequate billing records; (2) whether Mr. McCarthy has

---

[15] ECF No. 55.

[16] *Id.* at 2.

[17] *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000) (citing *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998)).

[18] *Id.*

exercised billing judgment; and (3) whether the hours expended on each task are reasonable.[19] The court addresses each of these issues below.

 1. Billing Records

In assessing billing records, "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[20] Here, Mr. McCarthy's counsel has submitted sufficiently detailed billing records.[21]

 2. Billing Judgment

Next, the court must ensure that the party's counsel has "exercised billing judgment."[22] "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended. Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable."[23] Mr. McCarthy's counsel has generally exercised adequate billing judgment and none of the hours expended by Mr. McCarthy's counsel appear to be excessive[24] as the court will discuss below.

---

[19] *Case*, 157 F.3d at 1250.

[20] *Id.*

[21] ECF No. 55-1.

[22] *Case*, 157 F.3d at 1250 (quotations and citations omitted).

[23] *Id.* (citations omitted).

[24] ECF No. 55-1.

3. <u>Reasonableness of Hours</u>

Finally, the court "look[s] at the hours expended on each task to determine if they are reasonable."[25] The court "approach[es] this reasonableness inquiry much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients."[26] The court may reduce counsel's hours "if they include 'hours that were unnecessary, irrelevant[,] and duplicative.'"[27] "[T]he overriding consideration [is] whether the attorney's hours were 'necessary' under the circumstances."[28] In making the reasonableness determination, the court "considers the following factors: (1) 'the complexity of the case,' (2) 'the number of reasonable strategies pursued,' (3) 'the responses necessitated by the maneuvering of the other side,' and (4) 'the potential duplication of services.'"[29] These *Case* factors generally support the fees sought by Mr. McCarthy.

Turning to the first *Case* factor, this is not a complex case. This case did not involve novel or difficult questions of law. This is especially true given Mr. McCarthy's counsel's claimed expertise in intellectual property matters.[30] Considering the second *Case* factor, Mr. McCarthy's counsel was not required to pursue a great number of strategies to resolve this case. Less than three months after AEG filed its complaint, Mr. McCarthy moved to dismiss for lack

---

[25] *Case,* 157 F.3d at 1250.

[26] *Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir. 1998) (quotations and citation omitted)

[27] *Utah Physicians for a Healthy Env't, Inc. v. Diesel Power Gear, LLC,* No. 2:17-CV-00032-RJS, 2021 WL 254268, at *3 (D. Utah Jan. 26, 2021) (quoting *Case,* 157 F.3d at 1250).

[28] *Robinson,* 160 F.3d at 1281.

[29] *Utah Physicians,* 2021 WL 254268, at *3 (quoting *Case,* 157 F.3d at 1250).

[30] ECF No. 55 at 1.

of personal jurisdiction, improper venue, and failure to state a claim.[31] The same day, Mr. McCarthy sent a letter to AEG's counsel asking for some evidence that AEG had complied with Rule 11 in filing this lawsuit, which AEG failed to substantively respond to.[32] After AEG moved to amend its complaint,[33] and Mr. McCarthy stipulated to this amendment,[34] the court denied Mr. McCarthy's motion to dismiss without prejudice and granted AEG leave to amend.[35] AEG filed an amended complaint[36] and Mr. McCarthy filed his answer.[37] The parties engaged in little discovery, and, six months later, AEG filed a Rule 41(a)(2) voluntary dismissal.[38] Although AEG's motion to dismiss was filed early in the discovery process, Mr. McCarthy's counsel had already expended 54.5 hours on a case where AEG's good faith basis for filing suit was debatable.[39] Accordingly, while the first two *Case* factors would seem to favor reducing Mr. McCarthy's requested fee amount, the final *Case* factors support rectifying AEG's lack of diligence by reimbursing Mr. McCarthy's time over the course of a year.

Under the third *Case* factor, Mr. McCarthy's counsel was not required to respond to maneuvering from AEG. However, in ruling on AEG's motion to dismiss, this court concluded that AEG failed to produce any evidence tying Mr. McCarthy to the misconduct alleged in the

---

[31] ECF No. 18.
[32] ECF No. 45 at 3.
[33] ECF No. 25.
[34] ECF No. 30.
[35] ECF No. 31.
[36] ECF No. 32.
[37] ECF No. 35.
[38] ECF No. 44.
[39] ECF No. 53 at 5.

Amended Complaint.[40] Accordingly, the court found that this lack of due diligence by AEG when bringing its claims against Mr. McCarthy would result in *some* legal prejudice to Mr. McCarthy.[41] Thus, the court found that attorney's fees are necessary to compensate Mr. McCarthy for the prejudice he will suffer from the voluntary dismissal of the case at this stage and to address the potential risk that AEG will refile its suit against Mr. McCarthy and impose duplicative costs upon him.[42]

    As for the final *Case* factor, rather than billing for duplicative efforts, Mr. McCarthy's claimed hours seem reasonably constrained given the circumstances of this case and counsel's efforts to discover whether AEG had sufficient evidence for its claims against Mr. McCarthy. AEG did not file an objection to Mr. McCarthy's fee request. However, in its reply in support of its motion to dismiss without prejudice, AEG argued that Mr. McCarthy's counsel had taken an "aggressive position" in this case and "needlessly increased the cost of litigation."[43] The court disagrees with this characterization. In support of this assertion, AEG cites to Mr. McCarthy's counsel sending a Rule 11 letter, filing a motion to dismiss, and serving two rounds of discovery as "needlessly running up costs."[44] The court finds these actions taken by counsel were reasonable under the circumstances of this case. The court finds nothing excessive about Mr.

---

[40] *Id.* at 8.

[41] *Id.* at 5.

[42] *Id.* at 7.

[43] ECF No. 46 at 6.

[44] *Id.*

McCarthy's other time entries.[45] Consequently, the court concludes that Mr. McCarthy's counsel's claimed 7.19 hours are reasonable.

  B.  Hourly Rate

To calculate the lodestar amount, the court must determine a reasonable fee rate for Mr. McCarthy's counsel, Mr. Bateman. Mr. Bateman bears the burden of producing "satisfactory evidence—in addition to [his] own affidavits—that the requested [hourly] rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation."[46] Mr. Bateman submitted a declaration asserting that his hourly rate of $425.00 for 2023 and $450.00 for 2024 are the prevailing rates for someone with Mr. Bateman's experience and expertise practicing in Utah.[47] However, Mr. Bateman did not include any affidavits from other local practitioners supporting Mr. Bateman's assertions, nor did he include any case law from the District of Utah finding these rates reasonable. If the evidence of prevailing market rates before the court is inadequate, the court may use its own knowledge to establish the appropriate rate.[48] In so doing, the court finds that rates of $425.00 and $450.00 per hour are reasonable given Mr. Bateman's experience and expertise. These rates are consistent with high end rates this court has found to be reasonable.[49]

---

[45] ECF No. 55-1.

[46] *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

[47] ECF No. 55 at 1.

[48] *United Phosphorus, Ltd.*, 205 F.3d at 1234 (quoting *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998)).

[49] *See, e.g.*, *Webb v. Cty. of Stanislaus*, No. 2:21-mc-00696-JNP-JCB, 2022 WL 1288857, at *6 (D. Utah Apr. 29, 2022) (finding as reasonable hourly attorney rate of $400.00); *Taylor v. Nat'l*

C. <u>Attorney Fee Award</u>

As noted above, the court calculates the lodestar by multiplying the reasonable number of hours by a reasonable hourly rate. Thus, Mr. McCarthy's total fee award is $31,180.00, which is calculated as follows: (1) 47 attorney hours for work in 2023 multiplied by the 2023 rate of $425.00 per hour, which equals $19,975.00 plus (2) 24.9 attorney hours for work in 2024 at the 2024 rate of $450.00 an hour which equals $11,205.00. Thus, Mr. McCarthy's fee award is $31,180.00.

---

*Collegiate Student Loan Tr. 2007-1*, No. 2:19-CV-00120-BSJ, 2021 WL 872494, at *6 (D. Utah Mar. 9, 2021); (finding as reasonable hourly attorney rates of $335.00, $385.00, and $440.00); *United States ex rel. Sorenson v. Wadsworth Bros. Constr. Co., Inc.*, No. 2:16-CV-875, 2021 WL 858410, at *5 (D. Utah Mar. 8, 2021) (finding as reasonable hourly attorney rates of $325.00 and $360.00); *McFarlin v. Box Elder Cnty.*, No. 1:18-CV-00156-DAK, 2020 WL 5441404, at *6 (D. Utah Sept. 10, 2020) (finding as reasonable hourly attorney rate of $375.00), *amended*, No. 1:18-CV-00156-DAK, 2021 WL 568805 (D. Utah Feb. 16, 2021); *Morrison v. Express Recovery Servs., Inc.*, No. 1:17-CV-51, 2020 WL 3791893, at *3 (D. Utah July 7, 2020) (finding as reasonable hourly attorney rates of $350.00 and $450.00); *Blackburn v. United States*, No. 218CV00116DBBEJF, 2020 WL 1930063, at *2 (D. Utah Apr. 21, 2020) (finding as reasonable hourly attorney rate of $350.00).

**ORDER**

Based on the foregoing analysis, the court HEREBY ORDERS:

1. Mr. McCarthy's motion for attorney fees[50] is GRANTED.

2. Mr. McCarthy is entitled to an award of attorney fees in the amount of $31,180.00.

IT IS SO ORDERED.

DATED this 22nd day of July 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[50] ECF No. 56.